IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF LAPORSHIA LORRAINE MASSEY, by and through the Co-Administrators of her estate, PAULINE HODGES and MARK W. RICHARDSON, ESQ.<br>*Plaintiff*<br><br>v.<br><br>JELENA MARKOVIC, *et al.*<br>*Defendants* | : : : : : : : : : : : : : : | CIVIL ACTION<br><br><br><br><br>NO. 15-5281 (Consolidated) |
| ESTATE OF LAPORSHIA LORRAINE MASSEY, by and through the Co-Administrators of her estate, PAULINE HODGES and MARK W. RICHARDSON, ESQ.<br>*Plaintiff*<br><br>v.<br><br>THE SCHOOL DISTRICT OF PHILADELPHIA, *et al.*<br>*Defendants* | : : : : : : : : : : : : : : | CIVIL ACTION<br><br><br><br><br>NO. 14-5046 |

## ORDER

**AND NOW,** this 19th day of April 2017, upon consideration of the *petition for approval of and distribution of wrongful death and survival action proceeds* ("Petition") filed by the personal representatives of the Estate of Laporshia Lorraine Massey ("Plaintiff" or "Estate"), [ECF 56],[1] to which no formal objections were filed,[2] it is hereby **ORDERED** that the Petition is

---

[1]  The Petition and related documents were filed in Civil Action No. 14-5046.

[2]  On March 28, 2017, pursuant to Local Rule 41.2 and 20 Pa. Cons. Stat. Ann. § 3323, Plaintiff filed this Petition seeking the approval of a settlement agreement reached in this matter before United States Magistrate Judge Lynne A. Sitarski. While no formal motion or objections to the Petition or to the settlement agreement have been filed in this matter, on March 28, 2017, Attorney Jacob Snyder, counsel

for Plaintiff, filed a letter informing this Court that Mark Richardson, Esquire, one of the two Co-Administrators of the Estate, took issue with the amount of costs incurred by Plaintiff's counsel in pursuing this matter. [ECF 57]. As reflected in the Petition, the agreed settlement amount is $65,000.00; the total amount of costs incurred and claimed is $40,409.70, the bulk of which represents expert fees of $23,594.50, for four distinct experts, who each produced a report and who, at trial, would have offered testimony regarding liability and damages in this wrongful death action involving a minor. In his letter, Attorney Snyder essentially narrated the events during and after the settlement; *to wit*: that:

> Mr. Richardson was present at the February 17, 2017 settlement conference and negotiations before Magistrate Judge Sitarski, when the costs of approximately $40,000.00 were discussed: Mr. Richardson agreed to the settlement amount of $65,000.00 being fully aware of all of the expenses incurred. (*Id.* at 2). On March 23, 2017, Mr. Richardson was emailed a copy of the Petition, the settlement agreement, and a verification for advance reading before signing. (*Id.* at 1). On March 24, 2017, Mr. Richardson, in Mr. Snyder's office, executed the verification and the settlement agreement. (*Id.*). Two days later, Mr. Richardson emailed Mr. Snyder to express "disagreement" with the costs incurred by Plaintiff's counsel, and purported to "void" his consent to the Release and verification. (*Id.* at 2). On March 27, 2017, Mr. Snyder contacted Mr. Richardson to explain the breakdown of the costs, the financial risks undertaken to pursue this matter and forwarded a copy of the costs ledger detailing the firm's costs.

On March 29, 2017, Mr. Snyder faxed a letter to this Court, copied to Mr. Richardson, indicating that he had just received a copy of a March 28, 2017 letter Mr. Richardson sent to Magistrate Judge Sitarski indicating his disagreement with the amount of costs incurred and requested that she consider his signature to be "void." Mr. Snyder's fax further advised that Mr. Richardson was made fully aware of the costs before he executed the verification and settlement agreement and that Mr. Richardson's contention that he, an attorney, signed those documents without reading them is "ridiculous."

Since the Petition was filed, no one has filed any formal objections to the Petition, nor communicated with this Court. Thus, the Petition is deemed unopposed. Notwithstanding, this Court has carefully considered the breakdown of the costs and expenses incurred in this wrongful death/survival action case, and finds these itemized costs reasonable. This case was commenced in September 2014 and, procedurally thereafter, Plaintiff's counsel has opposed a motion to dismiss, engaged in substantial discovery, including expert discovery, in a complex matter requiring medical expertise, and successfully opposed Defendants' motion for summary judgment. The amount of costs of approximately $40,000.00, which includes $23,594.50 for a pediatrician, education expert, forensic pathologist, and an economist expert, in a case involving the death of a minor, are not only reasonable but required to prove liability and damages. Thus, to the extent that Mr. Richardson's informal letter to Magistrate Judge Sitarski was meant to be an objection to the settlement reached, his objection is overruled.

Mr. Snyder also represented that he met with Pauline Hodges, the other Co-Administrator of the Estate, to discuss the Petition and settlement agreement, including the costs incurred in this litigation, after which she executed the verification and settlement agreement. Ms. Hodges has not objected, formally or informally, to the settlement agreement or Plaintiff's counsels' costs. Lastly, on March 30, 2017, Defendants filed their response to the Petition indicating they had no objections to the distribution of the proceeds of the settlement, and requested that the settlement be approved. [ECF 58].

**GRANTED** and the settlement agreement[3] is **APPROVED**. Consequently, Plaintiff and Defendants City of Philadelphia, School District of Philadelphia, W.C. Bryant Promise Academy, Principal Gaddy, Jelena Markovic, Dawn Hunt, Jennifer Yost, Andrena Seawright and Jennifer Hale (collectively, "Defendants") may compromise and/or settle this action for the gross total amount of sixty-five thousand dollars ($65,000.00), consistent with the terms of the proposed settlement agreement, as set forth in the Petition. Defendants shall forward the settlement draft or check to Plaintiff's counsel for proper distribution consistent with this Order.

It is further **ORDERED** that the sum total of all reported liens is to be held in escrow by Plaintiff's counsel pending the resolution of the lien asserted by the Pennsylvania Department of Public Welfare ("DPW"). The preservation of the escrowed money does not create a waiver of Plaintiff's right to dispute the validity of the DPW lien and/or negotiate its resolution.

It is further **ORDERED** that the settlement proceeds are allocated, per this Court's calculation, as follows:

| | |
|---|---|
| Reimbursable Costs: | $40,409.70 |
| Attorneys' Fees: | $4,999.34 |
| Wrongful Death Claim: | $15,432.77 (80% of net proceeds) |
| Survival Claim: | $3,858.19 (20% of net proceeds) |

It is further **ORDERED** that the settlement proceeds shall be distributed, as follows:

A. Under the Wrongful Death Claim:

    i. TO: Loretta Massey: $7,716.39
    (If distribution is made prior to 06/18/2017)

    ii. TO: Daniel Burch: $7,716.38
    (If distribution is made prior to 06/18/2017)

B. Under the Survival Claim: $3,858.19
    (If distribution is made prior to 06/18/2017)

---

[3] [ECF 56 at Ex. H].

3

  TO: Pauline Hodge and Mark Richardson, Esquire, Co-Administrators of the Estate of Laporshia Lorraine Massey, Deceased. No distribution of any funds will be made to said Co-Administrators until a copy of this Order is filed with the Register of Wills and the additional security, if any, required by the Register of Wills pursuant to 20 Pa. Cons. Stat. Ann. § 3323(b)(3) is posted.

C. Under the attorney fees and reimbursable costs

  TO: Marrone Law Firm, LLC

  i. For costs and expenses totaling $40,409.70, if distribution is made prior to June 18, 2017, and

  ii. For attorney's fee of $4,999.34.

Within sixty (60) days from the date of this Order, Plaintiff's counsel shall file with this Court an Affidavit certifying compliance with the distribution stipulated in this Order. Counsel shall file the Affidavit in this matter, and attach to the Affidavit, a copy of this Order and any documentation necessary to support counsel's compliance.

      **BY THE COURT:**

      _/s/ Nitza I. Quiñones Alejandro_
      **NITZA I. QUIÑONES ALEJANDRO**
      *Judge, United States District Court*